**Opinion filed April 2, 2009**



In The

# Eleventh Court of Appeals

———————

## No. 11-08-00175-CR

———————

## EDITH GWEN GILL A/K/A EDITH GWEN GILBERT, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. 13510**

### M E M O R A N D U M   O P I N I O N

The trial court convicted Edith Gwen Gill a/k/a Edith Gwen Gilbert, upon her plea of guilty, of possession of methamphetamine. A plea bargain agreement was not reached. Appellant also entered pleas of true to both enhancement allegations. The trial court assessed her punishment at confinement for twenty years and a $2,500 fine. We affirm.

#### *Sole Issue on Appeal*

In her sole issue, appellant seeks a remand for a new punishment hearing. Appellant contends that her trial counsel rendered ineffective assistance of counsel by failing to call witnesses

and by failing to recuse the district judge. Specifically, appellant contends that her trial counsel should have inquired if either she or her boyfriend knew the district judge in order to disqualify or recuse the judge.

*Standard of Review*

In order to determine whether appellant's trial counsel rendered ineffective assistance at trial, we must first determine whether appellant has shown that counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *Wiggins v. Smith*, 539 U.S. 510 (2003); *Strickland v. Washington*, 466 U.S. 668 (1984); *Andrews v. State*, 159 S.W.3d 98 (Tex. Crim. App. 2005); *Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App. 1999). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance; and appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *Stafford v. State*, 813 S.W.2d 503, 508-09 (Tex. Crim. App. 1991). These standards apply to allegations of ineffectiveness at both the guilt/innocence and the punishment phases of a trial. *Hernandez*, 988 S.W.2d at 772.

*Background Facts*

Gary Morris testified that he was a field deputy with the Palo Pinto County Sheriff's Department. While he was working with the City-County Narcotics Unit, he observed a vehicle driven by appellant pull into the driveway of a house he had under surveillance. There was "some contact," and then appellant drove away. Per his instructions, Deputy Morris followed appellant and stopped her after she ran a stop sign. Right after he turned on his overhead lights to make the stop, Deputy Morris observed an object being thrown from appellant's vehicle. The object was recovered, and it contained methamphetamine. Appellant admitted to Deputy Morris that the methamphetamine had been in her possession.

Appellant testified that she was 48 years old, that she had already been sentenced to a total of 124 years (including a 30-year sentence and a 75-year sentence for possession of methamphetamine), and that she had a drug problem. Of those 124 years, appellant said she had "done about 21 years locked up." During her time in prison, appellant took "printing trades" and

2

worked as an apprentice in a carpentry program. She stated that, while AA meetings were held, the program was in a "dormant state because the State wasn't funding for them to come and there wasn't very much AA." When she was released, she went to counseling only twice because the funding had been cut.

Appellant testified that she was the person who threw the drugs out of the vehicle. She also stated that the $386 she had in her possession when she was stopped was not from selling drugs but was from shooting dice. Appellant stated that she needed to "learn some skills" or "some tools" to use so that she would no longer use drugs. She asked the trial court to give her another chance by placing her in treatment.

Appellant stated that she had had a big change in her life: she was no longer single and Mr. Kubosh, her boyfriend of one year, was very supportive and wanted her to stop using drugs. Mr. Kubosh had had a drug problem but was "very clean" now. Mr. Kubosh had told her that she did not have to sell drugs or use drugs and that he would take care of her. Appellant stated that she did not think Mr. Kubosh could make her car payment on his Social Security income and that she did not think it was fair for him to try. Appellant explained that that was why she was still selling drugs at the time of her arrest.

Trial counsel acknowledged that, with appellant's record, it was a "stretch" to ask for placement in a treatment facility; but he argued that "simply locking her up is not working" and that he did not believe that "just rank incarceration on her is going to get us anywhere." Trial counsel asked the trial court to consider placing her in SAFPF where she would be released on community supervision and would still be subject to confinement if she did not comply with either the SAFPF requirements or the conditions of her community supervision.

The State responded by arguing that appellant had spent twenty-one of the previous twenty-eight years incarcerated and that she might not qualify for SAFPF due to the health conditions she had mentioned to the court. The State asked the trial court to sentence her to confinement for twenty years.

The trial court then found appellant guilty and assessed her punishment at confinement for twenty years and a $2,500 fine. At the conclusion of the trial court's post-sentencing admonishments to appellant, the following occurred:

> THE COURT: I hope Mr. Kubosh has gone straight. A number years back that was the -- I guess over in Millsap, the largest methamphetamine distribution outfit going and everybody knew it and I hope he has.

3

[APPELLANT]: I know he has.

THE COURT: Well, I pray that you're right. I don't hold that against you, your association with him. In fact, that's in your favor if he has gone straight.

[APPELLANT]: Yes, Your Honor.

THE COURT: All right. Good luck to you, Edith.

*Application of Law to the Facts*

The record does not support appellant's contentions that her trial counsel failed to provide effective assistance. The record clearly reflects that the trial strategy was to admit her problems with drugs and seek treatment in a drug treatment facility or program. The trial court's statements concerning her boyfriend were made after her conviction and after her sentencing. Nothing either in the trial court's statements or the record raised grounds for disqualification or recusal of the trial court. TEX. CODE CRIM. PROC. ANN. art. 30.01 (Vernon 2006). The record supports the conclusion that trial counsel provided reasonably effective assistance of counsel and, therefore, does not support appellant's contentions that the first prong of the *Strickland* test has been met. The issue is overruled.

*Conclusion*

The judgment of the trial court is affirmed.

TERRY McCALL

JUSTICE

April 2, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

4